**FILED**

**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LESLIE E. PRZYBYLSKI,<br>**Plaintiff**<br><br><br>v.<br><br><br><br>JOHN E. POTTER, Postmaster General,<br>**Defendant** | No.:<br><br>Judge:<br><br>Magistrate Judge:<br><br>**07 C 7134**<br><br>**JUDGE DOW<br>MAGISTRATE JUDGE BROWN**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR AGE AND DISABILITY DISCRIMINATION**

Plaintiff LESLIE E. PRZYBYLSKI ("Plaintiff"), by and through her attorneys, Alexander Z. Fiedotjew and Yvonne C. Ocrant, brings this COMPLAINT FOR AGE AND DISABILITY DISCRIMINATION against Defendant, JOHN E. POTTER, Postmaster General, ("Defendant"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the Age Discrimination in Employment Act of 1967, ( 29 U.S.C.A. ch. 14 *et seq*.) and sections 501 and 505 of the Rehabilitation Act of 1973 (29  U.S.C.A secs. 791, 795). This Court has jurisdiction over the claims herein pursuant to 42 U.S.C. sec. 2000e-5 (f)(3) and 28 U.S.C. secs. 1331 and 1367 (a). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

6265136v1 880539

2.      Venue is proper in this jurisdiction pursuant to 42 U.S.C. 2000e-5 (f) (3) and 28 U.S.C. sec. 1391(b). Defendant is an employer within the Northern District of Illinois and the unlawful employment practices complained of occurred in the Northern District of Illinois.

## PROCEDURAL HISTORY

3.      On or about September 24, 2006, Plaintiff, pursuant to United States Postal Service ("USPS") procedures established to receive and resolve employee allegations of discrimination, filed an "Information for Pre-Complaint Counseling" seeking re-instatement and other remedial action.  After being interviewed by USPS staff and participating in a so-called "redress" meeting held on October 12, 2006, Plaintiff was informed, by letter dated October 25, 2006, of her right to file a formal complaint against Defendant.

4.      On November 8, 2006, Plaintiff filed a formal complaint of employment discrimination against the USPS, alleging age and mental disability discrimination, and case number 4J-600-0188-06 was assigned.  A copy of USPS Form 2265, "EEO Complaint of Discrimination in the Postal Service" is attached hereto as Exhibit A (ancillary material omitted).

5.      On February 23, 2007, The USPS issued its investigation report and notified Plaintiff of her right to pursue further remedies, including the filing of a request for hearing before an Administrative Law Judge of the US Equal Employment Opportunity Commission ("EEOC"). A copy of the USPS transmittal document is appended hereto as Exhibit B.

6.      Plaintiff filed a timely request for administrative hearing with the Chicago Office of the EEOC, Case No. 440-207-00155X.  On July 23, 2007, on prior motion of Plaintiff, the ALJ issued an order allowing Plaintiff to withdraw her request for administrative hearing and remanded the matter to the USPS for Final Agency Decision pursuant to 29 CFR 1614.110.  A copy of the EEOC order is appended hereto as Exhibit C.

6265136v1 880539

7.    On September 18, 2007, the USPS issued its Final Agency Decision, authorizing Plaintiff to commence this action. Undersigned counsel received the Final Agency Decision on October 2, 2007.  Pertinent portions of the Agency Final Decision addressing Plaintiff's right to commence civil action are appended hereto as Exhibit D.

## FACTUAL BACKGROUND

8.    Plaintiff is a resident of the State of Illinois, was born on February 11, 1948, and is currently 59 years old.

9.    Defendant is an instrumentality of the United States of America with large scale operations and numerous facilities located within the Northern District of Illinois.

10.    Plaintiff was hired by Defendant in 1985 and, during all period relevant to this action, held the position of Sales & Service Distribution Associate in Defendant's Palatine, Illinois post office.

11.    Throughout the period of her employment with Defendant, Plaintiff received average or above average work performance evaluations, received numerous commendations and compliments from customers regarding her attitude, and was not subject to any serious disciplinary action.

12.    In 1995, Plaintiff was diagnosed as having chronic clinical depression and anxiety disorder. At that time, she received psychological and psychiatric treatment and her condition necessitated a six-month medical leave of absence from her employment. Since that time, Plaintiff has required intermittent medical treatment which includes the use of anti-depression prescription medication.

13.    At all times relevant hereto, Plaintiff was under the direct supervision of Nyoka N. Lenoir ("Lenoir"), Supervisor, Customer Service, Palatine Post Office, whose date of birth is

July 21, 1958. Ms. Lenoir reported to Michael Naranjo ("Naranjo"), born June 29, 1960, Postmaster.

14.    Plaintiff's last day of work was August 16, 2006.

15.    Since mid-September, 2006, Plaintiff has attempted to return to her position of Sales & Service Distribution Associate with Defendant.

## COUNT I: DISCRIMINATION BECAUSE OF AGE

16.    Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of Count One, as though fully set forth herein.

17.    Plaintiff is 59 years old and, at all times relevant hereto, was over the age of 40.

18.    Plaintiff was at all times qualified for the position she held with Defendant and performed her job responsibilities in compliance with Defendant's established standards. Moreover, Defendant evaluated Plaintiff's job performance to be average or above-average through the entire twenty-one year period of her tenure.

19.    Plaintiff was treated adversely by Defendant in comparison to younger employees who performed similar duties. More specifically, Defendant's immediate supervisor, Nyoka N. Lenoir, during the period preceding and including August 16, 2006, repeatedly criticized Plaintiff's performance in a harsh and demeaning manner, failed to support Plaintiff when disgruntled customers alleged that she had acted rudely towards them, issued conflicting instructions regarding Plaintiff's daily work duties, handled a dispute regarding a minor cash discrepancy in an abusive manner, and, on August 16, 2006, summarily denied Plaintiff's request for emergency medical leave by imposing conditions not applicable to younger employees.

6265136v1 880539

20.    Postmaster Michael Naranjo participated in, aided, and abetted the above-described conduct of Supervisor Lenoir and failed to take appropriate action to prevent Defendant's discriminatory conduct directed at Plaintiff.

21.    The above-described actions taken by Defendant and Defendant's employees against Plaintiff were part of a general pattern and practice of age discrimination by Defendant against older workers.

22.    As a direct consequence of the cumulative actions of Defendant, particularly those of Lenoir and Naranjo, specifically Lenoir's denial of Plaintiff's anxiety-induced request for emergency medical leave, Plaintiff perceived her working conditions to be so intolerable as to necessitate her leaving work on August 16, 2006, and impulsively mailing a resignation note to Defendant.

23.    A causal relationship exists between Plaintiff's age and her adverse treatment by Defendant.

**WHEREFORE**, Plaintiff respectfully asks this Court to enter judgment in her favor and against Defendant, and grant the following relief:

a.    Award compensatory damages in an amount to be determined at trial;
b.    Award Plaintiff back pay, pre-judgment interest, post judgment interest, lost benefits, and such other compensation as to make Plaintiff whole;
c.    Re-instate Plaintiff to her previously held position of Sales & Service Distribution Associate and restore Plaintiff's full seniority and benefits;
d.    Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs of this suit;
e.    Grant Plaintiff such other relief as required by law or as justice may require.

**COUNT II: DISCRIMINATION BECAUSE OF MENTAL DISABILITY**

24.    Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of Count II, as though fully set forth herein.

6265136v1 880539

25.    Plaintiff suffers from chronic clinical depression/anxiety disorder, which condition, when fully manifested, substantially limits Plaintiff in the major life activity of caring for herself and working. Plaintiff was first diagnosed in 1996 and has required psychiatric and psychological counseling, a six-month medical leave of absence, treatment with anti-depressant prescription medications, and intermittent medical care up to, and including the present.

26.    Defendant was aware of Plaintiff's condition because Defendant is responsible for providing Plaintiff's medical insurance, and because Plaintiff's leave of absence request necessitated Defendant's approval.

27.    Plaintiff was at all times qualified for the position she held with Defendant and performed her job responsibilities in compliance with Defendant's established standards. Moreover, Defendant evaluated Plaintiff's job performance to be average or above-average through the entire twenty-one year period of her tenure.

28.    Plaintiff was treated adversely by Defendant because of her medical condition. More specifically, Defendant's immediate supervisor, Nyoka Lenoir, during the period preceding and including August 16, 2006, repeatedly criticized Plaintiff's performance in a demeaning manner, failed to support Plaintiff when unfounded allegations were lodged against her by disgruntled customers, issued conflicting instructions regarding Plaintiff's daily work duties, handled a dispute regarding a minor cash discrepancy in an abusive manner, and, on August 16, 2006, summarily denied Plaintiff's request for emergency medical leave, brought on by her medical condition, by imposing conditions not applicable to other employees.

29.    Postmaster Michael Naranjo participated in, aided, and abetted the above-described conduct of Supervisor Lenoir and failed to take appropriate action to prevent Defendant's discriminatory conduct directed at Plaintiff.

6265136v1 880539

30.    The above-described actions taken by Defendant and Defendant's employees against Plaintiff were part of a general pattern and practice of age discrimination perpetrated by Defendant against employees with mental disabilities.

31.    As a direct consequence of the cumulative actions of Defendant, particularly those of Lenoir and Naranjo, and specifically in response to Lenoir's denial of Plaintiff's anxiety-induced request for emergency medical leave, Plaintiff perceived her working conditions to be so intolerable as to necessitate her leaving work on August 16, 2006, and impulsively mailing a resignation note to Defendant. Moreover, Plaintiff's condition further resulted in her not responding to contact attempts made by Defendant immediately following Plaintiff's departure.

32.    A causal relationship exists between Plaintiff's mental disability and her adverse treatment by Defendant.

**WHEREFORE**, Plaintiff respectfully asks this Court to enter judgment in her favor and against Defendant, and grant the following relief:

a.    Award compensatory damages in an amount to be determined at trial;
b.    Award Plaintiff back pay, pre-judgment interest, post judgment interest, lost benefits, and such other compensation as to make Plaintiff whole;
c.    Re-instate Plaintiff to her previously held position of Sales & Service Distribution Associate and restore Plaintiff's full seniority and benefits;
d.    Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs of this suit;
e.    Grant Plaintiff such other relief as required by law or as justice may require.

**Plaintiff demands a jury trial on all issues set forth in this complaint.**

6265136v1 880539

Respectfully submitted,

LESLIE E. PRZYBYLSKI


By: /s/ Yvonne C. Ocrant
    One of her Attorneys


ALEXANDER Z. FIEDOTJEW
ILLINOIS ARDC No. 6273871
The Law Office of Alexander Z. Fiedotjew
122 S. Michigan Avenue – Suite 1720
Chicago, IL 60603
Tel:    312-588-1785
Fax:    773-286-8275
e-mail: alexzf@azflaw.com

YVONNE C. OCRANT
ILLINOIS ARDC No. (6270381)
HINSHAW & CULBERTSON LLP
222 North LaSalle Street Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
Tel:    312-704-3080
Fax:    312-704-3001
e-mail: yocrant@hinshawlaw.com

MITCHELL J. WIET
ILLINOIS ARDC No.: 3013340
6359 N. LeMai Ave.
Chicago, IL 60646
Tel: 773-763-1657
Fax: 773-631-6903

6265136v1 880539

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed the Complaint for Age and Disability Discrimination with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By: /s/ Yvonne C. Ocrant

Yvonne C. Ocrant
ARDC No. 6270381
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
yocrant@hinshawlaw.com

6265136v1 880539

# EXHIBIT A

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name LESLIE PRZYBYLSKI | 2. SSN 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 | 3. Case No. 4J-600-0188-06 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box 108 S. WALNUT ST. | 4b. City State & Zip +4 PALATINE, IL 60067-6042 |
|---|---|

| 5. Email Address • | 6. Home Phone (847) 991-1308 | 7. Work Phone ( ) |
|---|---|---|

| 8. Position Title (USPS Employees Only) DISTRIB. SALES & SERVICE ASSOC | 9. Grade Level (USPS Employees Only) 0510 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip +4) PALATINE POST OFFICE 410 W. COLFAX ST. PALATINE, IL 60067-6024 | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory NYOKA LENOIR /EAS-17 MICHAEL NARANJO/EAS-22 |
|---|---|

| 13a. Name of Your Designated Representative MITCHELL J. WIET | 13b. Title ATTORNEY |
|---|---|

| 13c. Mailing Address or P.O. Box) 6359 N. LE MAI AVE. | 13d. City, State and Zip +4 CHICAGO ILL 60646 |
|---|---|

| 13e. Email Address • | 13f. Home Phone ( ) 773-763-1657 | 13g. Work Phone ( ) (SAME) |
|---|---|---|

| 14. Type of Discrimination You Are Alleging | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|
| ☐ Race (Specify): | |
| ☐ Color (Specify): | |
| ☐ Religion (Specify): | PATTERN OF DISCRIM- |
| ☐ National Origin (Specify): | INATION ENDED 8/16/06 |
| ☐ Sex (Specify): | |
| ☒ Age (40+) (Specify): | |
| ☐ Retaliation (Specify): | |
| ☒ Disability (Specify): | |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

PATTERN AND PRACTICE OF DISCRIMINATION TARGETING EMPLOYEES OVER 40 YEARS OF AGE AND THOSE WITH A HISTORY OF DEPRESSION INCLUDING LESLIE E. PRZYBYL-SKI. SEE LETTER DATED NOV. 7 2006 ATTACHED HERETO AND MADE A PART HEREOF SUPPLEMENTING THIS COMPLAINT AND GIVING MORE PARTICULARS.

17. What Remedy Are You Seeking to Resolve this Complaint?

ALL REMEDIES PROVIDED BY LAW, INCLUDING, WITHOUT LIMITATION, REINSTATEMENT AS A U.S.P.S EMPLOYEE WITH NO BREAK IN SERVICE, FULL BACK PAY, UNPAID COMPENSATION FOR THE PERIOD PRIOR TO 8/16/06 FULL REINSTATEMENT OF ALL BENEFITS INCLUDING RETIREMENT, HEALTH + LIFE INS. ETC.

| 18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator? ☒ Yes 10/27/06  ☐ No | |
|---|---|
| Date You Received the Notice of Final Interview) | |
| 18a. Signature of Dispute Resolution Specialist | 19b. Date 10/25/06 |
| 20. Signature of Complainant or Complainant's Attorney *Mitchell J. Wiet, Attorney* | 21. Date of this Complaint NOV 7, 2006 * |

RECEIVED

* Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PS Form 2565, March 2001 (page 1 of 2)

**FORMAL COMPLAINT**
Page 3 of 35

* PS FORM 2564-A WAS SIGNED AND DATED SEPT. 4, 2006

# EXHIBIT B



National EEO Services Office
**UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

FEB 2 3 2007

| | | |
|---|---|---|
| Leslie  Przybylski | ) Delivery Confirmation Representative | 0306 3030 0002 7427 1994 |
| 108 S Walnut St | ) Delivery Confirmation Complainant | 0306 3030 0002 7427 2007 |
| Palatine          IL   60067-6042 | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | Agency Case Number |
| John E. Potter | ) | 4J-600-0188-06 |
| Postmaster General | ) | |
| Respondent | ) | |
| Agency | ) | Date Formal Filed:    November 07, 2006 |
| | ) | |

### TRANSMITTAL OF INVESTIGATIVE FILE

In accordance with Title 29, Code of Federal Regulations, Part 1614.108(f) and (g), this is notification that the Postal Service has completed the investigation of the formal complaint of discrimination referenced above. Enclosed is a copy of the report of that investigation. At this time, you have the right to do either of two things **within thirty (30) calendar days** of the date of your receipt of this notice:

**Request** a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission, **OR**

**Request** a final agency decision on the merits of your complaint without a hearing.

**For more information** on the two alternatives, **refer to the Explanation of Options**    described below. If you fail to make a choice between the two available options, the Postal Service will issue a final agency decision. If you do not wish to pursue the complaint any further, please sign and date the enclosed PS Form 2564-C and return it to:

WITHDRAWALS
NATIONAL EEO INVESTIGATIVE SERVICES
PO BOX 21979
TAMPA FL  33622-1979    *Received Mon. 2/26/07*

**NOTE:** If you are represented by an attorney, all time frames are calculated from the date on which your attorney received this notice.

### EXPLANATION OF OPTIONS

**To request a hearing** , you must fill out the enclosed form, which the Commission has suggested for such requests, and mail it **within thirty (30) calendar days** of your receipt of this notice to the following address:

HEARINGS UNIT
CHICAGO DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 W MADISON ST #2800
CHICAGO IL  60661-2511

PO Box 21979
Tampa FL  33622-1979

Tel. (813) 739-2016
FAX  (813) 739-2098

Pg. 2

Equal Employment Opportunity Commission regulations require that you provide a copy of your request for a hearing to the following address so that a copy of the report of investigation can be furnished to the EEOC:

HEARINGS
NATIONAL EEO INVESTIGATIVE SERVICES
PO BOX 21979
TAMPA FL 33622-5478

Title 29 C.F.R 1614.110(b) authorizes an agency to issue a final decision if it does not receive notice of request for a hearing from a complainant. Therefore, your failure to timely provide a copy of your hearing request to the address listed above will result in the issuance of a final decision by the Postal Service and the forfeiture of your right to a hearing.

Following the hearing, the Administrative Judge will issue a decision, with findings of fact and conclusions of law, and transmit it to the Postal Service for consideration and the issuance of a final order. EEOC regulations (29 C.F.R. 1614.109(g)(3)) also permit Administrative Judges to issue decisions without holding a hearing or to issue orders limiting the scope of a hearing. The Postal Service has forty (40) calendar days from the date of its receipt of the decision of the Administrative Judge and the associated hearing record, where applicable, within which to decide whether or not to implement that decision. If the Postal Service decides not to implement the decision, it must file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission within the same forty-day time period. You will receive a copy of that appeal and any brief in support of it and you may file your own brief or arguments in support of your position.

**If you wish to request a final agency decision without a hearing**, you should direct your written request to the following address within thirty (30) calendar days of the date of your receipt of this notice:

FADS
NATIONAL EEO INVESTIGATIVE SERVICES
PO BOX 25478
TAMPA FL 33622-5478

If you are dissatisfied with the Postal Service's final; agency decision or final order taking action on a decision by an Administrative Judge, you may do one of two things:

You may file a civil action in an appropriate United States District Court within ninety (90) calendar days of receipt of the final agency decision or final action. Any such action should be styled

### LESLIE   PRZYBYLSKI V. JOHN E. POTTER, POSTMASTER GENERAL

You may file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission within thirty (30) calendar days of the date of your receipt of the final agency decision of final action.

Reginald D. Jefferson
EEO Services Analyst

cc: Mitchell J West, Representative, 6359 Ne Le Mai Ave Chicago, IL  60646-4827

Enclosures: Report of Investigation, PS Form 2564C, and Request for Hearing Form

# EXHIBIT C

Jul-23-07   09:45am   From-LEGAL                           312 353 8555        T-253  P.002/002  F-804

## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## CHICAGO DISTRICT OFFICE HEARINGS

| Name of Assigned Administrative Judge | Winston J. Jackson, Jr. | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|---|
| **Case Number** | 440-2007-00155X | | **Date** | July 23, 2007 |
| **Case Title** | Leslie E. Przybylski v. Postmaster General | | | |

**MOTION:**  [In the following box indicate the party filing the motion and state briefly the nature of the motion being presented.]

**Order Granting Complainant's Request to Withdraw Request for Hearing**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ■ | Filed motion – **GRANTED** |
| (2) | □ | Brief in support of motion due _____. |
| (3) | □ | Answer brief to motion due_____ . Reply to answer brief due _____. |
| (4) | □ | Ruling on _____ set for _____ at _____. |
| (5) | □ | Status [held/continued to] [set for/re-set for] on _____ set for _____ at _____ by telephone. |
| (6) | □ | Prehearing conference is set for by telephone. The Agency shall place the call. Complainant is expected to attend. |
| (7) | □ | Hearing is set for    at EEOC, 500 W. Madison Street, Suite 2800. |
| (8) | □ | Hearing held/continued to _____ at _____. |
| (9) | □ | This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]. |
| (10) | ■ | **Complainant's request for a hearing is dismissed with prejudice and the case is returned to the Agency to issue a Final Agency Decision pursuant to 29 C.F.R 1614.110.** |
| (11) | □ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | |
|---|---|
| No notices required, advised verbally. | A copy of the order sent to the following:<br>Leslie Przybylski<br>108 South Walnut Street<br>Palatine, Illinois 6007-042 |
| Notices mailed/faxed by Clerk of Hearings or other EEOC Staff. | |
| Notified counsel/Representative/Pro Se Party by telephone. | Alexander Z. Fiedotjew<br>122 S. Michigan Avenue, Ste 1720<br>Chicago, Illinois 60603<br>Fax: 773-442-0466 |
| ■ Copy to Administrative Judge. | |
| Mailing Clerk Initials. | Richard L. Rampage<br>USPS Law Department<br>222 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606-6105<br>Fax: 312-669-5981 |
| Notes: | |
| | NEEOISO-FAD<br>U.S. Postal Service<br>P.O. Box 21979<br>Tampa, Florida 33622-1979 |

# EXHIBIT D

RECEIVED
LAW DEPARTMENT

2007 SEP 24 P 1:50

U.S. POSTAL SERVICE
CHICAGO ILLINOIS

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

Leslie E. Przybylski,
Complainant,

v.

John E. Potter,
Postmaster General,
c/o Great Lakes Area Operations,
Respondent.

Agency Case No. 4J-600-0188-06

EEOC Case No.   440-2007-00155X

Formal Filed:  November 7, 2006

### Notice of Final Agency Decision

This is the final agency decision of the U. S. Postal Service regarding your client's complaint of discrimination identified above.  In that complaint, the complainant alleged discriminatory harassment based on age (date of birth [d.o.b.] February 11, 1948) and disability (Depression), when:

1. Within the week preceding August 16, 2006, she was approached by Supervisor Lenoir on two separate occasions and told that her conduct had been observed as being "up and down" and that she was "rude to customers;"

2. on August 16, 2006, Supervisor Lenoir badgered the complainant because she declined to sign the audit shortage form, and in the process started shouting at your client;

3. on August 16, 2006, the complainant was criticized repeatedly for not going immediately to her window when she returned from lunch;

4. on August 16, 2006, complainant's sick leave request was denied; and

5. on August 16, 2006, the complainant resigned under duress.

### CASE CHRONOLOGY

An Equal Employment Opportunity investigator processed the complaint, and a copy of the Investigative Report was transmitted to the complainant on February 23, 2007.  Following receipt of that report, the complainant had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without

Final Agency Decision
Leslie E. Przybylski
Case No. 4J-600-0188-06
Page 17

## CONCLUSION

After carefully considering the entire record, and applying the legal standards outlined in McDonald Douglas Corporation v. Green, 411 U.S. 792 (1973); Hazen Paper Company v. Biggins, 507 U.S. 604 (1993) (applying standards to cases brought under the ADEA; and Prewitt v. U.S. Postal Service, 662 F.2d 292 (5th Cir. 1081) (applying the standard to cases brought under the Rehabilitation Act), I find that the complainant has failed to prove that she was subjected to discrimination as alleged. Consequently, her case is now closed with a finding of no discrimination.

## APPEAL TO THE EEOC

The complainant has the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of receipt of this decision. The complainant must use Form 3573, a copy of which is enclosed, in connection with the appeal. The complainant may also deliver the appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with the appeal, the complainant must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, P. O. Box 21979, Tampa, FL 33622-1979. The complainant is advised that if she files your appeal beyond the 30-day period set forth in the Commission's regulations, the complainant should provide an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why the untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE CIVIL ACTION

Alternatively, if the complainant is dissatisfied with the Postal Service's final decision in this case, she may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered.   If the complainant chooses to file a civil action, that action should be captioned Leslie E. Przybylski v. John E. Potter, Postmaster General. The complainant may also request the court to appoint an attorney for her and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within

Final Agency Decision
Leslie E. Przybylski
Case No. 4J-600-0188-06
Page 18

the sole discretion of the District Judge.  The application must be filed within the
same 90-day time period for filing the civil action.

*Doris a Hill*

Doris A. Hill                              Date: 9/18/2007
EEO Services Analyst
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

Enclosure:  Appeal Form 573

cc:

Complainant
Leslie E. Przybylski        **Delivery Confirmation No.**0306 3030 0002 0446 8197
108 S. Walnut Street
Palatine, IL 60067-6042

Representative
Mitchell J. Wiet, Esq.      **Delivery Confirmation No.**0306 3030 0002 0446 8180
6359 North Le Mai Avenue
Chicago, IL 60646-4827

Richard L. Rampage, Esq.
USPS, Law Department
222 South Riverside Plaza, Suite 1200
Chicago, IL 60606-6105

Manager, Human Resources
USPS, Northern Illinois District
500 East Fullerton Avenue
Carol Stream, IL 60199-9994

Manager, EEO Compliance and Appeals
USPS, Great Lakes Area Office
244 Knollwood Drive
Bloomingdale, IL 60117-3010

## Alexander Fiedotjew

| | |
|---|---|
| **From:** | Alexander Fiedotjew [alexzf@azflaw.com] |
| **Sent:** | Tuesday, October 02, 2007 10:19 AM |
| **To:** | 'Rampage, Rick L - Chicago, IL' |
| **Subject:** | RE: |

Rick,

I have received the decision. Thank you.

Alex Fiedotjew

-----Original Message-----
**From:** Rampage, Rick L - Chicago, IL [mailto:rick.l.rampage@usps.gov]
**Sent:** Tuesday, October 02, 2007 9:51 AM
**To:** alexzf@azflaw.com
**Subject:**

Alex:

As we discussed, attached is a copy of the Postal Service's Final Agency Decision in the matter of *Leslie E. Przybylski v. John E. Potter*, EEOC Case No. 440-2007-00155X, USPS Case No. 4J-600-0188-06.

Please confirm receipt.


Richard L. Rampage
Attorney
United States Postal Service
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105
(312) 669-5900
Fax: (312) 669-5983

**Confidentiality Notice: Official Business and Attorney/Client . This communication is intended for the sole use of the individual(s) or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.**