UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLIE E. PRZYBYLSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 7134 |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) Judge Dow |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT INITIAL STATUS REPORT**

Pursuant to this court's order of January 25, 2008, and the court's standing order pertaining to initial status reports, undersigned counsel submit this Joint Initial Status Report:

A.  The attorneys of record for each party, including the attorney(s) expected to try the case:

   1. Plaintiff

      Alexander Z. Fiedotjew (lead counsel)
      Law Office of Alexander Z. Fiedotjew
      122 S. Michigan Ave. - Suite 1720
      Chicago, IL 60603
      Tel: 312-588-1785
      e-mail: alexzf@azflaw.com
      ARDC No.: 6273871

      Yvonne C. Ocrant (trial)
      Hinshaw & Culbertson LLP - Ste 300
      Chicago, IL 60601
      e-mail: yocrant@hinshawlaw.com
      ARDC No.: 6270381

   2. Defendant

      Jonathan Haile
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 886-2055
      jonathan.haile@usdoj.gov

B.  The basis for federal jurisdiction:

Plaintiff alleges jurisdiction under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. ch. 14 et seq., and the Rehabilitation Act of 1973, 29 U.S.C.A. secs. 791, 795; 42 U.S.C. 2000e-5 (f) (3); 28 U.S.C. 1331, 1337(a).

C.  The nature of the claims asserted in the complaint and any counterclaim:

1.  Age Discrimination: Plaintiff alleges that actions of her supervisor and manager, as part of defendant's pattern and practice of discrimination against older workers, created conditions so intolerable as to render her sudden departure from her place of employment on August 16, 2006 a constructive discharge.

2.  Discrimination because of mental disability - chronic clinical depression: Plaintiff alleges that actions of her supervisor and manager, with knowledge that she suffered from chronic clinical depression, created conditions so intolerable as to render her sudden departure from her place of employment on August 16, 2006 a constructive discharge.

D.  The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on each party:

All parties have been served.

E.  The principal legal issues:

1.  Whether plaintiff was "disabled" within the meaning of the Rehabilitation Act of 1973.

2.  Whether plaintiff was constructively discharged.

F.  The principal factual issues:

Plaintiff identifies the following factual issues:

1.  Whether plaintiff's direct supervisor and manager were aware of plaintiff's history of clinical depression.

  2. Whether, on August 16, 2006, supervisor Lenoir denied plaintiff's request for emergency medical leave.

  3. Whether supervisor Lenoir's pattern of conduct towards plaintiff, as detailed in the Complaint, was motivated by plaintiff's age or disability.

  4. Whether manager Naranjo participated in the discriminatory conduct alleged in the Complaint and failed to adequately supervise his employee Lenoir to ensure that plaintiff was afforded equal treatment.

  5. Whether, subsequent to August 16, 2006, Defendant stymied plaintiff's efforts to return to work.

G. Whether a jury trial has been demanded by any party:

  Plaintiff demands trial by jury on the disability claim; the age discrimination claim must be tried to the court.

H. A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines, and cutoff. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1:

  No discovery has been initiated to date. Defendant has not yet filed an answer. The parties anticipate written interrogatories and document requests and depositions of the plaintiff and several management officials at the Postal Service. The parties have agreed to make Rule 26 disclosures by March 14, 2008, and state that all discovery can be completed in 180 days.

I. If reasonably ascertainable at this early stage of the case, the earliest date that the parties would be ready for trial and the estimated length of trial.

Based on the course of the administrative proceedings in this case, defendant expects that it will file a summary judgment motion at the close of discovery. If that motion is denied, the parties anticipate that the case can be tried in approximately four days.

J.  Whether the parties consent unanimously to proceed before a Magistrate Judge.

The parties do not unanimously consent.

K.  The status of any settlement discussions.

The parties have discussed the possibility of settlement and have concluded that settlement is unlikely.

L.  Whether the parties request a settlement conference.

At this time, the parties are not requesting a settlement conference.

Respectfully submitted this date, February 13, 2008.

For Plaintiff:

        s/ Alexander Z. Fiedotjew
        ALEXANDER Z. FIEDOTJEW
        Law Office of Alexander Z. Fiedotjew
        122 S. Michigan Ave. - Suite 1720
        Chicago, IL 60603
        Tel: 312-588-1785
        e-mail: alexzf@azflaw.com

For Defendant:

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Jonathan C. Haile
           JONATHAN C. HAILE
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 886-2055
           jonathan.haile@usdoj.gov