UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE E. PRZYBYLSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7134 |
| | ) | |
| v. | ) | |
| | ) | Judge Dow |
| JOHN POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

John Potter, Postmaster General, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, answers the complaint as follows:

### First Defense

The plaintiff has failed to exhaust administrative remedies except as accepted by the Postal Service EEO office in case 4-J-600-0188-06.

### Second Defense

The plaintiff is not entitled to trial by jury on any claim of age discrimination.

### Third Defense

The plaintiff is not entitled to compensatory damages on any claim of age discrimination.

### JURISDICTION AND VENUE

1. **Complaint:** This action is brought pursuant to the Age Discrimination in Employment Act of 1967, (29 U.S.C.A. ch. 14 et seq.) and sections 501 and 505 of the Rehabilitation Act of 1973 (29 U.S.C.A secs. 791, 795). This Court has jurisdiction over the claims herein pursuant to 42 U.S.C. sec. 2000e-5 (f)(3) and 28 U.S.C. secs. 1331 and 1367 (a). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

**Answer:** Defendant admits that the court has jurisdiction over claims under the Age Discrimination and Employment Act and the Rehabilitation Act. Defendant denies any discrimination.

2. **Complaint:** Venue is proper in this jurisdiction pursuant to 42 U.S.C. 2000e-5 (f)(3) and 28 U.S.C. sec. 1391 (b). Defendant is an employer within the Northern District of Illinois and the unlawful employment practices complained of occurred in the Northern District of Illinois.

**Answer:** Defendant admits that venue is proper in this district; denies any unlawful employment practices.

## PROCEDURAL HISTORY

3. **Complaint:** On or about September 24, 2006, Plaintiff, pursuant to United States Postal Service ("USPS") procedures established to receive and resolve employee allegations of discrimination, filed an "'Information for Pre-Complaint Counseling" seeking reinstatement and other remedial action. After being interviewed by USPS staff and participating in a so-called "redress" meeting held on October 12, 2006, Plaintiff was informed, by letter dated October 25, 2006, of her right to file a formal complaint against Defendant.

**Answer:** Defendant admits the allegations of paragraph three of the complaint.

4. **Complaint:** On November 8, 2006, Plaintiff filed a formal complaint of employment discrimination against the USPS, alleging age and mental disability discrimination, and case number 4J-600-0188-06 was assigned. A copy of USPS Form 2265, "EEO Complaint of Discrimination in the Postal Service" is attached hereto as Exhibit A (ancillary material omitted).

**Answer:** Defendant admits the allegations of paragraph four of the complaint.

5. **Complaint:** On February 23, 2007, The USPS issued its investigation report and notified Plaintiff of her right to pursue further remedies, including the filing of a request for hearing before an Administrative Law Judge of the US Equal Employment Opportunity Commission ("EEOC"). A copy of the USPS transmittal document is appended hereto as Exhibit B.

**Answer:** Defendant admits the allegations of paragraph five of the complaint.

6. **Complaint:** Plaintiff filed a timely request for administrative hearing with the Chicago Office of the EEOC, Case NO. 440-207-00155X. On July 23, 2007, on prior motion of Plaintiff, the ALJ issued an order allowing Plaintiff to withdraw her request for administrative hearing and remanded the matter to the USPS for Final Agency Decision pursuant to 29 CFR 1614.110. A copy of the EEOC order is appended hereto as Exhibit C.

**Answer:** Defendant admits the allegations of paragraph six of the complaint.

7.  **Complaint:**  On September 18, 2007, the USPS issued its Final Agency Decision, authorizing Plaintiff to commence this action. Undersigned counsel received the Final Agency Decision on October 2, 2007. Pertinent portions of the Agency Final Decision addressing Plaintiff's right to commence civil action are appended hereto as Exhibit D.

**Answer:**  Defendant admits the allegations of paragraph seven of the complaint.

## FACTUAL BACKGROUND

8.  **Complaint:**  Plaintiff is a resident of the State of Illinois, was born on February 11, 1948, and is currently 59 years old.

**Answer:**  Defendant admits the allegations of paragraph 8 of the complaint.

9.  **Complaint:**  Defendant is an instrumentality of the United States of America with large scale operations and numerous facilities located within the Northern District of Illinois.

**Answer:**  Defendant admits the allegations of paragraph nine of the complaint.

10. **Complaint:**  Plaintiff was hired by Defendant in 1985 and, during all period relevant to this action, held the position of Sales & Service Distribution Associate in Defendant's Palatine, Illinois post office.

**Answer:**  Defendant admits the allegations of paragraph ten of the complaint.

11. **Complaint:**  Throughout the period of her employment with Defendant, Plaintiff received average or above average work performance evaluations, received numerous commendations and compliments from customers regarding her attitude, and was not subject to any serious disciplinary action.

**Answer:**  Defendant denies the allegations of paragraph eleven of the complaint.

12. **Complaint:**  In 1995, Plaintiff was diagnosed as having chronic clinical depression and anxiety disorder. At that time, she received psychological and psychiatric treatment and her condition necessitated a six-month medical leave of absence from her employment. Since that time, Plaintiff has required intermittent medical treatment which includes the use of anti-depression prescription medication.

**Answer:**  Admit that plaintiff has been treated for depression, that the treatment has included medication and that she missed six months of work in or about 1995. Otherwise, defendant denies the allegations of paragraph twelve of the complaint.

13. **Complaint:**  At all times relevant hereto, Plaintiff was under the direct supervision of Nyoka N. Lenoir ("Lenoir"), Supervisor, Customer Service, Palatine Post Office, whose date of

birth is July 21, 1958. Ms. Lenoir reported to Michael Naranjo ("Naranjo"), born June 29, 1960, Postmaster.

**Answer:** Defendant admits that Lenoir's date of birth is July 21, 1958 and that she is employed as a Supervisor, Customer Service at the Palatine Post Office. Defendant further admits that Naranjo's date of birth is June 29, 1960, and that he was the Officer-in-Charge of the Palatine Post Office in August of 2006 and was Lenoir's supervisor during the time that the two of them were employed at the Palatine Post Office. Defendant admits that Lenoir supervised Plaintiff during some of the time that Plaintiff worked at the Palatine Post Office. Defendant denies the remaining allegations of paragraph thirteen of the complaint.

14.   **Complaint:**   Plaintiff's last day of work was August 16, 2006.

**Answer:** Defendant admits the allegations of paragraph fourteen of the complaint.

15.   **Complaint:** Since mid-September, 2006, Plaintiff has attempted to return to her position of Sales & Service Distribution Associate with Defendant.

**Answer:** Defendant admits that plaintiff has made EEO complaints alleging that she suffered discrimination and seeking damages and reinstatement; otherwise denied.

## COUNT I: DISCRIMINATION BECAUSE OF AGE

16.   **Complaint:** Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of Count One, as though fully set forth herein.

**Answer:** Defendant re-avers the answers to paragraphs one through fifteen of the complaint as set forth above.

17.   **Complaint:** Plaintiff is 59 years old and, at all times relevant hereto, was over the age of 40.

**Answer:** Defendant admits the allegations of paragraph seventeen of the complaint.

18.   **Complaint:** Plaintiff was at all times qualified for the position she held with Defendant and performed her job responsibilities in compliance with Defendant's established standards. Moreover, Defendant evaluated Plaintiff's job performance to be average or above-average through the entire twenty-one year period of her tenure.

**Answer:** Defendant denies the allegations in paragraph eighteen of count one of the complaint.

19. **Complaint:** Plaintiff was treated adversely by Defendant in comparison to younger employees who performed similar duties. More specifically, Defendant's immediate supervisor, Nyoka N. Lenoir, during the period preceding and including August 16, 2006, repeatedly criticized Plaintiff's performance in a harsh and demeaning manner, failed to support Plaintiff when disgruntled customers alleged that she had acted rudely towards them, issued conflicting instructions regarding Plaintiff's daily work duties, handled a dispute regarding a minor cash discrepancy in an abusive manner, and, on August 16, 2006, summarily denied Plaintiff's request for emergency medical leave by imposing conditions not applicable to younger employees.

**Answer:** Defendant denies the allegations in paragraph nineteen of count one of the complaint.

20. **Complaint:** Postmaster Michael Naranjo participated in, aided, and abetted the above described conduct of Supervisor Lenoir and failed to take appropriate action to prevent Defendant's discriminatory conduct directed at Plaintiff.

**Answer:** Defendant denies the allegations in paragraph twenty of count one of the complaint.

21. **Complaint:** The above-described actions taken by Defendant and Defendant's employees against Plaintiff were part of a general pattern and practice of age discrimination by Defendant against older workers.

**Answer:** Defendant denies the allegations in paragraph twenty-one of count one of the complaint.

22. **Complaint:** As a direct consequence of the cumulative actions of Defendant, particularly those of Lenoir and Naranjo, specifically Lenoir's denial of Plaintiff's anxiety-induced request for emergency medical leave, Plaintiff perceived her working conditions to be so intolerable as to necessitate her leaving work on August 16, 2006, and impulsively mailing a resignation note to Defendant.

**Answer:** Defendant denies the allegations in paragraph twenty-two of count one of the complaint.

23. **Complaint:** A causal relationship exists between Plaintiff's age and her adverse treatment by Defendant.

**Answer:** Defendant denies the allegations in paragraph twenty-three of count one of the complaint.

## COUNT II: DISCRIMINATION BECAUSE OF MENTAL DISABILITY

24. **Complaint:** Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of Count II, as though fully set forth herein.

**Answer:** Defendant re-avers the answers to paragraphs one through fifteen of the complaint as set forth above.

25. **Complaint:** Plaintiff suffers from chronic clinical depression/anxiety disorder, which condition, when fully manifested, substantially limits Plaintiff in the major life activity of caring for herself and working. Plaintiff was first diagnosed in 1996 and has required psychiatric and psychological counseling, a six-month medical leave of absence, treatment with anti-depressant prescription medications, and intermittent medical care up to, and including the present.

**Answer:** Defendant denies the allegations in paragraph twenty-five of count two of the complaint.

26. **Complaint:** Defendant was aware of Plaintiff's condition because Defendant is responsible for providing Plaintiff' medical insurance, and because Plaintiff' leave of absence request necessitated Defendant's approval.

**Answer:** Defendant denies the allegations in paragraph twenty-six of count two of the complaint.

27. **Complaint:** Plaintiff was at all limes qualified for the position she held with Defendant and performed her job responsibilities in compliance with Defendant's established standards. Moreover, Defendant evaluated Plaintiff' job performance to be average or above-average through the entire twenty-one year period of her tenure.

**Answer:** Defendant denies the allegations in paragraph twenty-seven of count two of the complaint.

28. **Complaint:** Plaintiff was treated adversely by Defendant because of her medical condition. More specifically, Defendant's immediate supervisor, Nyoka Lenoir, during the period preceding and including August 16, 2006, repeatedly criticized Plaintiff's performance in a demeaning manner, failed to support Plaintiff when unfounded allegations were lodged against her by disgruntled customers, issued conflicting instructions regarding Plaintiff's daily work duties, handled a dispute regarding a minor cash discrepancy in an abusive manner, and, on August 16,

2006, summarily denied Plaintiff's request for emergency medical leave, brought on by her medical condition, by imposing conditions not applicable to other employees.

**Answer:** Defendant denies the allegations in paragraph twenty-eight of count two of the complaint.

29. **Complaint:** Postmaster Michael Naranjo participated in, aided, and abetted the above-described conduct of Supervisor Lenoir and failed to take appropriate action to prevent Defendant's discriminatory conduct directed at Plaintiff.

**Answer:** Defendant denies the allegations in paragraph twenty-nine of count two of the complaint.

30. **Complaint:** The above-described actions taken by Defendant and Defendant's employees against Plaintiff were part of a general pattern and practice of age discrimination perpetrated by Defendant against employees with mental disabilities.

**Answer:** Defendant denies the allegations in paragraph thirty of count two of the complaint.

31. **Complaint:** As a direct consequence of the cumulative actions of Defendant, particularly those of Lenoir and Naranjo, and specifically in response to Lenoir's denial of Plaintiffs anxiety-induced request for emergency medical leave, Plaintiff perceived her working conditions to be so intolerable as to necessitate her leaving work on August 16, 2006, and impulsively mailing a resignation note to Defendant. Moreover, Plaintiff's condition further resulted in her not responding to contact attempts made by Defendant immediately following Plaintiffs departure.

**Answer:** Defendant denies the allegations in paragraph thirty-one of count two of the complaint.

32. **Complaint:** A causal relationship exists between Plaintiff's mental disability and her adverse treatment by Defendant.

**Answer:** Defendant denies the allegations in paragraph thirty-two of count two of the complaint.

Wherefore, defendant denies that plaintiff is entitled to any relief whatsoever, prays for judgment in its favor, with costs, and that the court award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**ANSWER**

were served on February 19, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

                                                        s/ Jonathan C. Haile
                                                      JONATHAN C. HAILE
                                                      Assistant United States Attorney
                                                      219 South Dearborn Street
                                                      Chicago, Illinois 60604
                                                      (312) 886-2055